IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHANTEL A. CALMA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　Defendant. | Civil No. 22-00009 JAO-RT<br><br>ORDER GRANTING DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS COMPLAINT FILED ON JANUARY 5, 2022 FOR LACK OF PROSECUTION AND FAILURE TO COMPLY WITH COURT ORDERS |

**ORDER GRANTING DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS COMPLAINT FILED ON JANUARY 5, 2022 FOR LACK OF PROSECUTION AND FAILURE TO COMPLY WITH COURT ORDERS**

Plaintiff Chantel Calma ("Plaintiff") commenced this action on January 5, 2022. At a telephone conference on June 9, 2022, Plaintiff's counsel indicated that he had not been in contact with Plaintiff for several months, despite multiple efforts to reach her by mail, email, and telephone. ECF No. 21. Magistrate Judge Rom Trader ordered Plaintiff to attend a July 12, 2022 telephone conference and cautioned that her failure to diligently prosecute this case might subject her to sanctions, including dismissal. *Id.*

Plaintiff failed to attend the July 12, 2022 conference and both her counsel reported that their efforts to contact her were unsuccessful. ECF No. 22. Magistrate Judge Trader ordered Plaintiff to attend an August 12, 2022 telephone

conference and all future court proceedings. *Id.* He again warned that her failure to attend future court proceedings and diligently prosecute could result in the imposition of sanctions such as dismissal. *Id.*

Plaintiff did not attend the August 12, 2022 conference and her counsel represented that their additional efforts to contact Plaintiff were fruitless. ECF No. 23. Magistrate Judge Trader directed counsel to submit declarations detailing their last contact with Plaintiff and efforts undertaken to reach her. *Id.* He also directed Defendant United Airlines, Inc. ("Defendant") to file a motion to dismiss. *Id.*

On September 16, 2022, Defendant filed this Motion to Dismiss Complaint Filed on January 5, 2022 for Lack of Prosecution and Failure to Comply with Court Orders. ECF No. 26. Plaintiff filed a response on October 7, 2022. ECF No. 28.

## DISCUSSION

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b) and Local Rules 1.3, 11.1, and 16.1. ECF No. 26-1 at 9. Plaintiff's counsel does not oppose dismissal but requests dismissal without prejudice and authorization for Plaintiff to refile her claims within one year upon a showing of good cause. ECF No. 28 at 3.

Courts do not take failures to prosecute and failures to comply with Court orders lightly. FRCP 41(b) authorizes the Court to dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court specifies otherwise, a dismissal under this rule operates as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

In view of Plaintiff's violation of the Court's orders and directives, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the Court's need to manage its docket. *See Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261). Plaintiff's counsel concedes as much. ECF No. 28 at 5.

Moreover, Defendant will suffer prejudice if this case continues without Plaintiff's participation. Plaintiff's inaction and unresponsiveness have impaired Defendant's ability to proceed and threatens to interfere with the rightful decision of the case. *See Pagtalunan*, 291 F.3d at 642. Plaintiff's counsel argues that because trial is scheduled eight months from now and other scheduling order deadlines have yet to expire, Defendant cannot establish prejudice. ECF No. 28 at 5. However, it is unrealistic to expect that trial will proceed as scheduled and/or that other deadlines can be met without Plaintiff's involvement. Neither Defendant nor the Court should be expected to let the case stall indefinitely in the hopes that Plaintiff might eventually respond to her counsel and participate. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

Finally, less drastic alternatives are inappropriate and unfeasible under the circumstances. Magistrate Judge Trader has extended Plaintiff's counsel multiple opportunities to re-establish contact with Plaintiff, but she refuses to respond and/or has failed to provide counsel with updated contact information. Allowing Plaintiff's counsel to continue their efforts — especially having already permitted nine months to lapse since the commencement of the action — would be futile at

this point.  Imposing a sanction other than dismissal would unlikely compel Plaintiff to prosecute this action, as she has not complied with Magistrate Judge Trader's directives to date, even with the threat of dismissal.  For these reasons, the Court is left with no choice but to dismiss.  To minimize the harshness of a dismissal with prejudice, the Court will dismiss without prejudice.  But the Court declines to impose a showing of good cause for refiling the action because case assignment will be random should Plaintiff elect to do so.[1]

Although the public policy favoring disposition of cases on their merits weighs against dismissal, considering the totality of the circumstances and because the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED and the Complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, October 14, 2022.

Jill A. Otake
United States District Judge

Civil No. 22-00009 JAO-RT; *Calma v. United Airlines, Inc.*; ORDER GRANTING DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS COMPLAINT FILED ON JANUARY 5, 2022 FOR LACK OF PROSECUTION AND FAILURE TO COMPLY WITH COURT ORDERS

---

[1] If Plaintiff's counsel are able to re-establish communication with Plaintiff, they are encouraged to ensure her willingness to actively participate and prosecute before refiling any complaint.